UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**JOSEPH SADECCA,**

                                                Case No.: 6:20-cv-00411-PGB-EJK

**Plaintiff,**

v.

**VOLUSIA/FLAGLER FAMILY YOUNG MEN'S
CHRISTIAN ASSOCIATION, INC., and
CHRISTOPHER JAMES SEILKOP.,**

**Defendants.**
_____/

## UNOPPOSED JOINT MOTION FOR COURT APPROVAL OF FLSA SETTLEMENT AND SETTLEMENT AGREEMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Joseph Sadecca ("Sadecca")[1], and Defendants, Volusia/Flagler Family Young Men's Christian Association, Inc. ("YMCA"), and Christopher James Seilkop ("Seilkop" and collectively "Defendants"), pursuant to Local Rule 3.01(g), jointly move the Court to approve the settlement, and related settlement agreement, agreed to by the parties as follows:

---

[1] The name of the Plaintiff is Joseph "Sedacca" not "Sadecca". The spelling is incorrect in the caption of the lawsuit as it was in the Complaint, and throughout the Complaint. For consistency he is referred to as Sadecca in this Motion, but he is referred to with the correct spelling in the Settlement Agreement and Release of FLSA Claims attached as Exhibit A.

## BACKGROUND

Sadecca filed this lawsuit on March 16, 2020 alleging claims against each of the Defendants for unpaid overtime wages due to him in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (Doc. 1). Specifically, Sadecca alleges that he was employed by Defendants as head coach from approximately October 1, 2018 through November 25, 2019, worked in excess of 40 hours a week in one or more weeks, and was not paid overtime for such excess hours as required by the FLSA. Furthermore, Sadecca alleges that the Defendants willfully failed to pay him overtime and that he is entitled to liquidated damages as well as unpaid overtime.

The Defendants deny liability to Sadecca for any alleged violations of the FLSA. Defendants contend that there are no time records by which Sadecca can prove that he worked the hours claimed and accounts of others, including employees with whom he worked, contradict his position. Furthermore, while Sadecca claims to have been employed by the Defendants beginning on October 1, 2018 by virtue of a merger with his prior employer, the Defendants deny that any such merger occurred. According to the offer of employment to Sadecca by the YMCA he became employed on June 1, 2019, not October 1, 2018.

In Plaintiff's Verified Responses to Court Interrogatories (Doc. 21) Sadecca claims to have worked 298.5 hours at an annual salary of $40,000.00, and to therefore be owed a total of $5,128.39. Sadecca actually had an annual salary of $35,000.00 which, again, is referenced in the offer of employment. Furthermore, again, in his answers to the Court's interrogatories, half or more of the periods of time for which he claims overtime preceded the date when the Defendants contend he became employed by the YMCA.

In addition to the activity in the lawsuit reflected in the docket the depositions of Sadecca and Seilkop were taken, and the YMCA answered interrogatories and responded to a request for production served by Sadecca, as well as some other miscellaneous activities. The parties were able to reach a compromise settlement through mediation, considering the respective prospects of prevailing on liability and the range of damages which might realistically be recovered if Sadecca were to prevail on liability.

The parties have commemorated the terms of the settlement into a Settlement Agreement and Release of FLSA Claims which is attached as Exhibit A ("Settlement Agreement"). The Settlement Agreement provides for payments to be made by the Defendants as follows: (1) $3,750.00, less applicable withholding,

to Sadecca for overtime compensation; (2) $3,750.00 to Sadecca for liquidated damages; and (3) $20,000.00 to The Harr Law Firm for attorney's fees and costs. In exchange for these payments Sadecca has agreed to release the Defendants of liability for his FLSA claims. The parties agree that this is a fair and reasonable resolution of a bona fide dispute.

## MEMORANDUM OF LAW

### A. Standard of Review.

This action arises under the FLSA. In *Lynn's Foods Stores, Inc. v. U.S. Department of Labor*, the Court held, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." 679 F.2d 1352 (11th Cir. 1982). "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Id.* at 1353. Alternatively, under section 216(b), when an employee brings "a private action for back wages . . . and present[s] to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1352.

Prior to approving an FLSA settlement the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1355. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1) the existence of fraud or collusion behind the settlement;

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of plaintiff's success on the merits;

(5) the range of possible recovery; and

(6) the opinions of the counsel.

*Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994). In considering these factors, the Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton v. Frito-Lay, Inc.*, 2007

U.S. Dist. LEXIS 10287,*4 (M.D. Fla. Jan. 8, 2007); *citing, Cotton v. Hinton.* 559 F.2d 1326, 1331 (5th Cir. 1977).

### B.  Bona Fide Dispute and Fair and Reasonable Settlement Factors.

As discussed in part above there is a bona fide dispute between the parties. Sadecca alleges that he worked overtime but has little to nothing to support his allegations other than his own testimony. A number of employees of the YMCA who worked with Sadecca assert that his work hours were much more limited than he has alleged. Early in his employment with the YMCA he was counseled for not being in the workplace enough, a report of which was commemorated to writing. Moreover, while Sadecca alleges that he was employed by the Defendants from October 1, 2018 due to a merger with the YMCA by his prior employer, the YMCA maintains that no such merger occurred. There are no transactional documents, or documents with the Florida Division of Corporations, which support the supposition that Sadecca's prior employer merged with the YMCA.

Sadecca claimed that he had worked 298.5 hours of overtime and was due $5,128.39 in overtime, his stated annual salary is incorrect, and therefore his hourly rate is also incorrect. Given the uncertainty regarding the hours actually worked by Sadecca, and the proof available to him to support his allegations, as well as the

significant question concerning whether the Defendants were his employer for much of the time for which he is claiming overtime, the compromise amount of $3,750.00 for overtime to which the parties have agreed is quite reasonable and fair.

As for the factors set forth in *Leverso*, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, 2006 U.S. Dist. LEXIS 92994, *11-12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel. The Defendants were represented by Gregory D. Snell of Snell Legal PLLC and Sadecca was represented by Jason L. Harr of The Harr Law Firm. Counsel are experienced in litigating claims under the FLSA and advocated diligently on behalf of their clients.

The complexity, expense, and length of future litigation suggest that the settlement is fair and reasonable. If the case is not settled it is likely that extensive additional discovery will be required, such as the depositions of numerous witnesses, to try and bring more certainty to the actual hours worked by Sadecca. Since the discovery deadline in the lawsuit is not until August 6, 2021, and trial is set for the trial term beginning February 1, 2022, the stage of litigation is still

somewhat early, with substantial additional work, discovery, and otherwise, which would be necessary to conclude the case through trial. Accordingly, the stage of the proceedings and the amount of discovery completed bodes in favor of the terms of settlement being fair and reasonable.

The probability of success by Sadecca has been addressed above. While he may prevail that would be highly dependent on his credibility, and that of other witnesses, given he has little to support his allegations other than his own testimony. These circumstances certainly raise some doubt as to whether he would prevail and, again, suggest the settlement as agreed is fair and reasonable. Similarly, the range of possible recovery has been touched on previously. Because of the issues regarding the number of hours worked by Sadecca, and whether the Defendants were his employer for much of the time during which he claims he worked overtime, the range of possible recovery is quite unpredictable, and suggests once more the settlement terms as agreed are fair and reasonable. Finally, counsel for the parties have concluded that the terms of the settlement are fair and reasonable under the circumstances.

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorney's fees. *See Helms*, 2006

U.S. Dist. LEXIS at *6-7. Provided "the plaintiff's attorneys' fee is agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of the fees paid to his attorney, the Court [should] approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Management Company*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).

In this lawsuit, the fee to be paid as part of the settlement was agreed upon by the parties separately and without regard to the amount paid to Sadecca. Sadecca's FLSA claims were not compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract or otherwise. Accordingly, because the settlement is reasonable on its face and Sadecca's recovery was not adversely affected by the amount of the fees paid to his attorney, the Court should approve the settlement of Sadecca's FLSA claims.

## **CONCLUSION**

The FLSA settlement terms are fair, reasonable and adequate. Accordingly, the parties respectfully request that the Court grant this Unopposed Joint Motion for Court Approval of FLSA Settlement and Settlement Agreement and

Incorporated Memorandum of Law and enter an order dismissing this case, with prejudice.

| | |
|---|---|
| /s/ Jason L. Harr | /s/ Gregory D. Snell |
| **JASON L. HARR** | **GREGORY D. SNELL** |
| Florida Bar No.: 0194336 | Florida Bar No.: 442356 |
| **THE HARR LAW FIRM** | **SNELL LEGAL PLLC** |
| The Harr Professional Center | 1616 Concierge Blvd., Ste 100 |
| 517 South Ridgewood Avenue Suite 1 | Daytona Beach, Florida 32117 |
| Daytona Beach, Florida 32114 | Ph: (386) 238-1357 |
| Ph: (386) 226-4866 | Fax: (386) 258-7406 |
| Fax: (386) 226-4886 | Email: gsnell@snell-legal.law |
| Email: jasonharr@harrlawfirm.com | Attorney for Volusia/Flagler |
| lynnwilkins@harrlawfirm.com | Young Men's Christian Assoc., |
| miriamjuarez@harrlawfirm.com | Inc. and Christopher J. Seilkop |
| Trial Counsel for Plaintiff Joseph Sadecca | |