UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOSEPH SADECCA,**

      Plaintiff,

v.                                      Case No: 6:20-cv-411-PGB-EJK

**VOLUSIA/FLAGLER FAMILY
YOUNG MEN'S CHRISTIAN
ASSOCIATION, INC and
CHRISTOPHER JAMES SEILKOP,**

      Defendants.

REPORT AND RECOMMENDATION

This cause comes before the Court on the parties' Unopposed Joint Motion for Court Approval of FLSA Settlement and Settlement Agreement (the "Motion"), filed May 6, 2021. (Doc. 38.) Upon consideration, I respectfully recommend that the Motion be Granted.

**I.   BACKGROUND**

On March 16, 2020, Plaintiff Joseph Sadecca initiated this action against Defendants Volusia/Flagler Family Young Men's Christian Association, Inc., and Christopher James Seilkop ("Defendants"), pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201-219. (Doc. 1.) Plaintiff alleges that he was employed by Defendants as head coach from approximately October 1, 2018, through November 25, 2019, worked in excess of 40 hours a week in one or more weeks, and was not paid overtime for such excess hours as required by the FLSA. (*Id.* at 2-4.)

Defendants deny liability to Plaintiff's claims. (Doc. 38 at 2.) However, Plaintiff and Defendants have negotiated a compromise and settlement of Plaintiff's claims and filed a motion for approval of their settlement agreement (the "Agreement"), pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982). (Doc. 38-1.) On May 7, 2020, the Court directed counsel to inform the Court "whether or not the parties have entered into any agreement . . . . that has not been disclosed to the Court." (Doc. 39.) The parties have indicated that they have not. (Docs. 40, 41.) Thus, the Motion is ripe for review.

## II. LEGAL STANDARD

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (alteration in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged

by contract or otherwise waived." *Barrentine*, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." *Id.* (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).

The parties seek judicial review and a determination that their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores*, 679 F.2d at 1354–55. If a settlement is not supervised by the Department of Labor, the only other route for a compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. *Id.* at 1353. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.*

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute;

>we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

When evaluating an FLSA settlement agreement, the district court considers both whether the settlement is fair and reasonable to the employee, or "internal" factors, and whether the settlement frustrates the purpose of the FLSA, or "external" factors. *Dees v. Hyrdradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350–51 (M.D. Fla. 2010). Factors considered "internal" include: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Hamilton v. Frito-Lay, Inc.*, No. 6:05-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." *Id.* (quoting *Cotton v. Hinton*, 559 F.2d 1336, 1331 (5th Cir. 1977)).[1]

### III. DISCUSSION

#### A. The Settlement Amount

According to the Agreement, Defendants have agreed to pay Plaintiff $7,500: $3,750.00 for Plaintiff's unpaid wage claim and $3,750.00 in liquidated damages.

---

[1] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding all decisions from the Fifth Circuit handed down prior to October 1, 1981, are binding on the Eleventh Circuit).

(Doc. 38-1 at 3-4.) Plaintiff initially sought $5,128.39 in wage compensation. (Doc. 21 at 3.) Because Plaintiff will receive less than the amount to which he claimed he was entitled under the FLSA, he has compromised his claim within the meaning of *Lynn's Food*, 679 F.2d at 1354–55.

Under 29 U.S.C. § 216(b), an employee damaged by a violation of the FLSA is entitled to unpaid overtime compensation plus an additional, equal amount, as liquidated damages. Title 29 U.S.C. § 216(b) ("Any employer who violates the provisions of [the FLSA] shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages."). On review, I find the $7,500 that Plaintiff has agreed to accept in satisfaction of his claim to be fair and reasonable in comparison to the original claim, considering that all parties are represented by counsel and wish to avoid the risk and expense of further litigation. I also find this amount fair in relation to the nature of the dispute between the parties contesting Plaintiff's entitlement to a salary of at least the federal minimum wage. Thus, I find that the settlement sum represents a fair resolution of a bona fide dispute between the parties and that Plaintiff has not unfairly compromised his claim.

**B. Attorney's Fees**

Plaintiff's attorney will receive $20,000 for fees and costs. (Doc. 38-1 at 4.) Pursuant to 29 U.S.C. § 216(b), "[t]he court [in an FLSA action] shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." The parties represent that this amount was negotiated separately from the amount

received by Plaintiff, and the settlement is otherwise reasonable on its face; therefore, further review is not required. (Doc. 38 at 8-9); *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (stating that if the parties "represent[] that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, . . . the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.").

### C. Release

In return for payment, Plaintiff has agreed to the following release:

a. This Agreement shall constitute a waiver and release of all claims Plaintiff might have under the FLSA against Defendants.
b. Upon execution of this Agreement, the parties shall immediately file the Joint Motion for Court Approval of FLSA Settlement and Settlement Agreement with Incorporated Memorandum of Law with the Court attached hereto as Exhibit "A."
c. Plaintiff hereby knowingly and voluntarily releases Defendants, their parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past and present directors, officers, shareholders, members, employees, agents, insurers and attorneys both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys (collectively "Releasees") of and from any and all claims arising under the FLSA against any of the Releasees which Plaintiff has or might have as of the date of execution of this Agreement.

(Doc. 38-1 at 2-3.) General releases in FLSA cases are frequently viewed as "a 'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[] an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno*, 729 F. Supp. 2d at 1351–52 (footnote omitted). As such,

"[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny." *Id.* at 1352. Furthermore, releases given to numerous unnamed individuals, collectively referred to as "Releasees," are insufficient where the parties are not identified. *Correa v. House of Glass, Inc.*, No. 6:17-cv-676-Orl-28TBS, 2017 WL 8794847, at *4 (M.D. Fla. Oct. 19, 2017) (recommending rejection of the settlement agreement in part because the release extended to numerous unnamed individuals), *denied as moot by*, 2018 WL 1801207 (denying the R&R as moot due to the parties' subsequent filing of a renewed motion for settlement approval); *Schultz v. Tartini at Rock Springs Ridge, LLC*, No. 6:17-cv-815-Orl-37KRS, 2017 WL 11062615, at *2 (M.D. Fla. Sept. 22, 2017) (ordering the parties to file a renewed motion for settlement agreement approval in part because the motion did not address the breadth of the release given to defendants).

Judges in this District have found releases similar to the one presented here to pass judicial scrutiny because they do not require Plaintiff to release unknown claims that are unrelated to his wage claim. *Lanier v. Exec. Garden Titusville Hotel*, LLC, No. 6:18-cv-927-Orl-40KRS, 2018 U.S. Dist. LEXIS 170056, at *1–2 (M.D. Fla. Oct. 2, 2018), *report and recommendation adopted as modified*, 2018 U.S. Dist. LEXIS 171066, at *11 (M.D. Fla. Sept. 17, 2018); *Martinez v. Garda CL Se., Inc.*, No. 6:15-cv-54-Orl-40KRS, 2016 U.S. Dist. LEXIS 197037, at *3 (M.D. Fla. Jan. 5, 2016); *Cooper v. Garda CL Se., Inc.*, No. 6:15-cv-1677-ORL-40KRS, 2015 U.S. Dist. LEXIS 169481, at *3 (M.D. Fla. Dec. 18, 2015). Furthermore, the parties to the Release are specifically identified. Therefore, because the Release provision releases only Plaintiff's FLSA

claims against Defendants and does not seek to release other non-FLSA related claims against unnamed parties, I recommend that the Court find this release passes judicial scrutiny. *See Moreno*, 729 F. Supp. 2d at 1351–52 (footnote omitted).

## IV.   RECOMMEDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** the parties' Unopposed Joint Motion to Approve Settlement and Settlement Agreement (Doc. 38);

2. **FIND** that the parties' Agreement (Doc. 38-1) is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

3. **DISMISS** the case **WITH PREJUDICE**; and

4. **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on September 27, 2021.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record